UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGARET FORMAN,<br><br>        Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV-05-0159-CI<br><br>REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR AN IMMEDIATE AWARD OF BENEFITS |

BEFORE THE COURT on Report and Recommendation is Plaintiff's Motion for Summary Judgment (Ct. Rec. 13) and Defendant's Motion to remand (Ct. Rec. 22), submitted for hearing without oral argument on February 16, 2006. Attorney Robert Friedman represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents Defendant. The parties have not consented to proceed before a magistrate judge. After reviewing the administrative record and the briefs filed by the parties, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED** and the captioned matter be **REMANDED** for an immediate award of benefits.

Plaintiff, 49-years-old at the time of the administrative decision, filed an application for Social Security disability and Supplemental Security Income benefits, alleging onset as of November

REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR AN IMMEDIATE AWARD OF BENEFITS - 1

30, 2000, due to lumbar degenerative disk disease. (Tr. at 82.) Following a denial of benefits, Plaintiff filed a request for hearing; a hearing was held before Administrative Law Judge Marguerite Schellentrager (ALJ). The ALJ denied benefits and review was denied by the Appeals Council. The matter is properly before this court pursuant to 42 U.S.C. § 405(g).

Defendant concedes judgment for Plaintiff and moves to remand for additional proceedings, noting that new evidence submitted to the Appeals Council would have affected the ALJ's consideration of treating source opinions, Plaintiff's credibility, residual functional capacity, ability to perform past relevant work, and/or other work which exists in significant numbers in the national economy. Plaintiff replies, based on the medical record that was before the ALJ and in light of the legal errors admitted by Defendant, that an immediate award of benefits is warranted.

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff met the disability insured status and remained qualified at least through December 31, 2005. (Tr. at 28.) Plaintiff had not engaged in substantial gainful activity since the alleged onset date, and suffered from severe impairments, including degenerative disc disease of the lumbar spine, but that impairment was not found to meet the Listings. (Tr. at 28.) The ALJ further found Plaintiff retained the residual capacity for sedentary to light work with additional limitations of no stooping, bending, crawling or climbing. These limitations were not found to preclude the performance of past relevant work, identified as a cook and waitress. Alternatively, the ALJ found Plaintiff could perform other work including cashier, hand packager, and office helper. (Tr.

REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR AN IMMEDIATE AWARD OF BENEFITS - 2

at 29.)

**ANALYSIS - REMAND OR IMMEDIATE AWARD**

Defendant acknowledges the ALJ committed the following errors in analyzing the medical and vocational record which was before her: (1) failed to acknowledge the severity of Plaintiff's lumbar condition as assessed by the treating physician was based on objective findings, including imaging studies and examination findings, and not on subjective complaints only (Tr. at 296-299); (2) improperly rejected the treating physician's assessment after finding it was made in response to leading questions notwithstanding the inapplicability of the rules of evidence in an administrative hearing; (3) improperly rejected Plaintiff's testimony using the "squirm" test and erroneously concluding her range of activities, described by Defendant as "somewhat limited," were not consistent with disability; (4) improperly characterized past relevant work as encompassing the two separate jobs of waiter and cook instead of the combined waiter/cook/bartender actually performed; and (5) failed to incorporate the treating physician's opinion Plaintiff was limited to part time work only in the step-five hypothetical.

Case law requires an immediate award of benefits when there are no outstanding issues to be resolved before a determination of disability can be made, and it is clear from the record the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000), citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The court has some flexibility in determining whether to remand for an immediate award of benefits or for additional administrative proceedings. *Connett v. Barnhart,* 340

1  F.3d 871, 876 (9th Cir. 2003).

2     The ALJ considered a Declaration by Plaintiff's treating
3  physician, family practitioner Peter LoGerfo, M.D., dated October 9,
4  2003 (Tr. at 298-299), but erroneously rejected that report as
5  acknowledged by Defendant. When the ALJ fails to provide "specific,
6  legitimate reasons" supported by the record to reject the opinion of
7  a treating physician, that report must be credited as a matter of
8  law. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Crediting
9  his opinion, Dr. LoGerfo concluded, after noting that sedentary work
10 with alternative sitting and standing would exacerbate her lumbar
11 pain, Plaintiff could perform, at most, part-time work only. (Tr.
12 at 299, 302.)

13    At step four, a claimant would not be considered disabled if he
14 or she were able to perform the same part-time relevant work
15 performed in the past. SSR 96-8, n.2. However, there is no
16 evidence Plaintiff performed her past relevant work as a
17 bartender/cook/food server on a part-time basis. (Tr. at 27-29.)
18 Thus, the part-time work exception does not apply to these facts.
19 The vocational expert testified Plaintiff could not perform work as
20 a bartender; nonetheless, the ALJ concluded Plaintiff could perform
21 tasks as a cook or food server, components of the bartending
22 position. (Tr. at 549.) Defendant, however, has acknowledged the
23 ALJ committed error at step four when she relied on the separate
24 jobs of cook and food server, citing *Valencia v. Heckler*, 751 F.2d
25 1082, 1087 (9th Cir. 1985), and *Vertigan v. Halter*, 260 F.3d 1044 (9th
26 Cir. 2001). (Ct. Rec. 23 at 15.) Based on the medical and factual
27 record before the ALJ, there was no basis to support a finding
28 Plaintiff could perform past relevant work.

REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMAND FOR AN IMMEDIATE AWARD OF BENEFITS - 4

Having credited the treating physician's conclusion Plaintiff could work only part time at best, there was no basis on which to make a step-five finding.[1] Regulations require a claimant to be able to work forty hours per week. SSR 96-8p. Thus, no jobs were available to Plaintiff.

No factual issues remain and a remand for additional administrative proceedings would only result in a delay of benefits. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Ct. Rec. 13) be **GRANTED** and that the captioned matter be **REMANDED** for an immediate award of benefits.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying any the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a de novo determination of those

---

[1] In August 2004, Dr. LoGerfo also diagnosed cervical spondylosis and cervical disc herniation, assessed at severity rating 5, and based on imaging studies and physical examination. (Tr. at 484.) Those records were submitted to and considered by the Appeals Council; however, they were not considered by the court in its disposition of the instant motions.

REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR AN IMMEDIATE AWARD OF BENEFITS - 5

portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel for Plaintiff and Defendant and the referring district judge.

DATED February 28, 2006.

                                  S/ CYNTHIA IMBROGNO
                          UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR AN IMMEDIATE AWARD OF BENEFITS - 6